UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  DOCKET NO. 3:20cr297-MOC |
| vs. | ) ) |
| DAVID R. LEWIS | ) )  **BILL OF INFORMATION** ) |

THE UNITED STATES CHARGES THAT:

## INTRODUCTION

At the specified times and at all relevant times:

1. Defendant DAVID R. LEWIS ("LEWIS") was a resident of North Carolina.

2. LEWIS served as a Representative in the North Carolina House of Representatives from 2002 to present, representing District 53 of the State of North Carolina. LEWIS also owned and operated Lewis Farms, a farming corporation registered with the State of North Carolina.

3. On or about November 6, 2018, LEWIS won re-election to the North Carolina House of Representatives for his 9th term. In 2019 and 2020, LEWIS campaigned for re-election until he withdrew from the race on or about July 24, 2020.

4. On or about June 28, 2018, LEWIS caused to be opened a campaign-related bank account with an account number ending in 1959 at First Citizens Bank, located in North Carolina ("Campaign Account"). When the Campaign Account was opened, LEWIS's Campaign Treasurer and an employee of the campaign had signatory authority over the account. On or about May 17, 2019, LEWIS was added as a signer to the Campaign Account.

5. The North Carolina Republican Party is commonly referred to as the "NCGOP." Between at least 2017 and at least 2019, during his campaigns for the North Carolina House of Representatives, LEWIS's campaign committee frequently made lawful contributions to the North

1

Carolina Republican Party by writing checks made payable to "NCGOP" from the Campaign Account. These expenditures were reported, pursuant to North Carolina state law, to the North Carolina Board of Elections in LEWIS's campaign committee's Contribution and Expenditure Reports ("Campaign Statements").

6. On or about July 31, 2018, LEWIS caused a check to be written in the amount of $50,000 from the Campaign Account made payable to "NCGOP." Lewis caused this $50,000 expenditure to be reported as a lawful contribution to the North Carolina Republican Party on his Campaign Statement.

7. On or about August 1, 2018, LEWIS opened a bank account with an account number ending in 3154 at Select Bank and Trust, a federally insured financial institution located in North Carolina, in the name of "NC GOP, Inc." ("NC GOP, Inc. Account"). LEWIS had sole signatory authority over the NC GOP, Inc. Account.

8. In completing an application to open the NC GOP, Inc. Account, LEWIS was required to complete a form entitled "Certification of Beneficial Owners of Legal Entities." In that form, LEWIS falsely certified that NC GOP, Inc. was a legal entity that was created by a filing of a public document with a Secretary of State or similar office in the United States. LEWIS was also required to complete a form entitled "Business Resolution and Agreement Authorizing Wire Transfers with Select Bank and Trust." In that form, LEWIS attested that NC GOP, Inc. was a North Carolina corporation of which LEWIS was the president.

9. In fact, NC GOP, Inc. was not a legal entity registered with the State of North Carolina or any other state in the United States.

10. Rather than sending the July 31, 2018, check for $50,000 made payable to "NCGOP" to the North Carolina Republican Party, LEWIS deposited the check in the NC GOP, Inc. Account on or about August 1, 2018, immediately after opening the NC GOP, Inc. Account.

The same day, LEWIS wrote a check in the amount of $47,600.18 from the NC GOP, Inc. Account, made payable to Lewis Farms. LEWIS further wrote a check from the NC GOP, Inc. Account in the amount of $2,050, made payable to the landlord of LEWIS's residence.

11. On or about August 15, 2018, LEWIS purchased a cashier's check in the amount of $15,000 from the Campaign Account, made payable to NC GOP, Inc. LEWIS caused this $15,000 expenditure to be reported as a lawful contribution to the North Carolina Republican Party on his Campaign Statement. The same day, rather than sending the check to the North Carolina Republican Party, LEWIS deposited the check into the NC GOP, Inc. Account. LEWIS subsequently transferred the $15,000 from the NC GOP, Inc. Account to his bank account for Lewis Farms.

12. At a later date, LEWIS made contributions in the amount of $50,000 and $15,000 to the North Carolina Republican Party from one of his personal bank accounts.

13. After using the NC GOP, Inc. Account to conduct the transactions described in paragraphs 10 and 11, *supra*, LEWIS closed the NC GOP, Inc. Account on or about October 15, 2018.

## COUNT ONE
## 18 U.S.C. § 1014
### (False Statements to a Bank)

14. The allegations contained in Paragraphs 1 through 13 of this Information are re-alleged and incorporated herein.

15. On or about August 1, 2018, in North Carolina and elsewhere, the defendant,

**DAVID R. LEWIS,**

knowingly made and caused to be made to Select Bank and Trust, a federally insured financial institution, false statements for the purpose of influencing the actions of Select Bank and Trust upon an application; namely, the defendant knowingly submitted an application to open a bank

3

Case 3:20-cr-00297-MOC-DCK    Document 1    Filed 08/20/20    Page 3 of 6

account in the name of NC GOP, Inc., which the defendant falsely claimed was a legal entity formed in the State of North Carolina and of which the defendant was president. In fact, the defendant knew that NC GOP, Inc. was not a legal entity, that the NC GOP, Inc. Account was not going to be used for lawful business purposes, and that the defendant instead intended to use the NC GOP, Inc. Account to illegally convert funds of his campaign committee for his personal use.

All in violation of Title 18, United States Code, Section 1014.

## COUNT TWO
## 26 U.S.C. § 7203
### (Failure to File a Tax Return)

16. During the calendar year 2018, the defendant,

### DAVID R. LEWIS,

a resident of North Carolina, had and received gross income of at least $84,200. By reason of such gross income, he was required by law, following the close of calendar year 2018 and on or before October 15, 2019, to make an income tax return to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at an IRS office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, LEWIS did willfully fail to timely make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461

17. The allegations contained in Paragraphs 1 through 13 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c).

18. Upon conviction of the offense in violation of Title 18, United States Code, Section 1014 set forth in Count One of this Information, the defendant, **DAVID R. LEWIS**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a money judgment in a sum equal to the total value of the property subject to forfeiture.

19. If any of the property described above, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

R. ANDREW MURRAY
United States Attorney

*/s/ William T. Stetzer*

WILLIAM T. STETZER
DANA O. WASHINGTON
Assistant U.S. Attorneys
United States Attorney's Office
Western District of North Carolina

COREY R. AMUNDSON
Chief, Public Integrity Section

*/s/ Erica O'Brien Waymack*

ERICA O'BRIEN WAYMACK
JAMES C. MANN
Trial Attorneys
Public Integrity Section
Criminal Division