IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:20CR00297 |
| | ) | |
| vs. | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| DAVID R. LEWIS | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

Defendant David R. Lewis—a former North Carolina State Representative—violated the trust of his donors, voters and constituents when he used his campaign funds for personal and business expenses. In order to facilitate the scheme, he lied to a bank in order to open an account for a business entity that did not exist. And in order to conceal this scheme, he falsely reported to the North Carola Board of Elections that his campaign had made lawful contributions to a political party. Nevertheless, Lewis has since admitted to his conduct, pleaded guilty, and accepted responsibility. As a result—and in line of the plea agreement and the applicable Sentencing Guidelines range—the government recommends a sentence of probation.

## FACTUAL BACKGROUND

The defendant served as a Representative in the North Carolina House of Representatives from 2002 until his resignation in 2020, after having pleaded guilty to the instant charges. The defendant was also the owner and operator of Lewis Farms, a farming corporation in North Carolina.

From 2002 to approximately June 2018, the defendant maintained a campaign-related bank account at Select Bank and Trust, located in North Carolina, over which the defendant had

1

signatory authority. Between January 12, 2018, and May 21, 2018, the defendant transferred approximately $300,000 from his campaign account to his bank account for Lewis Farms in order to pay for business and personal expenses, without disclosing the expenditures to the North Carolina Board of Elections, as required by North Carolina law. The defendant subsequently repaid his campaign account in full.

On June 28, 2018, the defendant opened a new campaign-related bank account at First Citizens Bank, located in North Carolina. On July 31, 2018, the defendant caused a check to be written from this campaign account in the amount of $50,000, made payable to "NCGOP," the acronym for the North Carolina Republican Party. The defendant subsequently reported this expenditure to the North Carolina Board of Elections as a lawful contribution to the North Carolina Republican Party.

Rather than sending the check to the North Carolina Republican Party, the defendant devised a scheme to convert the funds for personal use. The following day, on August 1, 2018, the defendant opened a new business bank account at Select Bank in Trust, located in North Carolina, in the name of "NC GOP, Inc." In opening the account, the defendant falsely certified to Select Bank and Trust that NC GOP, Inc. was a North Carolina corporation of which the defendant was the president and which was created by filing a public document with the Secretary of State in North Carolina.

Armed now with a bank account in the name of "NC GOP, Inc.," an entity which did in fact not exist, the defendant deposited the $50,000 from his campaign account made payable to the NCGOP into his new account in the name of "NC GOP, Inc." The same day, the defendant wrote a check in the amount of $47,600.18 from the NC GOP, Inc. account, made payable to

2

Lewis Farms. He wrote a second check from the NC GOP, Inc. account in the amount of $2,050, made payable to the landlord of his family's residence.

Two weeks later, on August 15, 2018, the defendant purchased a cashier's check in the amount of $15,000 from his campaign account, made payable to "NC GOP, Inc." The same day, the defendant deposited the check into his NC GOP, Inc. account, then transferred the funds to his bank account for Lewis Farms. In order to disguise his misuse of campaign funds, the defendant caused his campaign to report to the North Carolina Board of Elections that the $15,000 check was a lawful contribution to the North Carolina Republican Party.

In October 2018, the defendant purchased two cashier's checks in the amount of $50,000 and $15,000, respectively, from a personal bank account controlled by him and made payable to the North Carolina Republican Party. The defendant caused those checks to be delivered to the North Carolina Republican Party, thereby effectively reimbursing his campaign and the North Carolina Republican Party for the funds that the defendant diverted to the NC GOP, Inc. account. However, the defendant continued to withhold from his campaign treasurer and the North Carolina Board of Elections his misuse of campaign funds and the false reports that he caused the campaign to file.

Finally, the defendant failed to file a federal income tax return with the Internal Revenue Service for calendar year 2018, despite knowing that he was required to do so by law on account of his gross income for that year.

Lewis has since admitted to his conduct and accepted responsibility when he pleaded guilty to an Information charging one count of making a false statement to bank, in violation of 18 U.S.C. § 1014 (Count One), and one count of failure to file a tax return, in violation of 26

U.S.C. § 7203 (Count Two). He did so in a timely manner, allowing the government to conserve considerable time and resources.

**THE APPLICABLE SENTENCING GUIDELINES AND RECOMMENDED SENTENCE**

Pursuant to a plea agreement, the parties have stipulated that the base offense level for a violation of 18 U.S.C. § 1014 is 7, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a)(1). The parties further stipulated the base offense level for a violation of 26 U.S.C. § 7203 is 6, pursuant to U.S.S.G. § 2T1.1. The parties agree that the defendant's early acceptance of responsibility warrants a two-level reduction, pursuant to U.S.S.G. § 3E1.1(a). With a combined offense level of 5 and a Criminal History Category of I, the parties agree that the advisory Guidelines range is a term of imprisonment of up to six months. Dkt. 3, Plea Agreement at ¶ 8. Finally, the government has agreed to recommend a sentence that does not include an active term of incarceration. *Id.*

In accordance with the plea agreement, the government agrees with the Guidelines calculations set forth in the Presentence Investigation Report ("PSR"), resulting in a total offense level of 5. PSR at ¶ 48. The government further agrees with the United States Probation Office's determination that with the defendant's criminal history—which reflects no prior convictions—and a total offense level of 5, a sentence of imprisonment is not required. *Id.* at ¶ 53, 73; U.S.S.G. § 5C1.1(b). While the defendant's criminal conduct was both serious and willful, neither the defendant's campaign nor any financial institution suffered a loss, he admitted his wrongdoing before an indictment was presented to a grand jury, and he accepted responsibility for his actions by pleading guilty and resigning his seat in the North Carolina House of Representatives. For the reasons detailed herein, as well as in the PSR, a sentence at

4

the low end of the applicable Guidelines range is sufficient but not greater that necessary in this instance. The parties jointly recommend a sentence of probation.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court determine that the defendant's Guidelines offense level is 5 and his Criminal History Category is I. The government further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence the defendant to probation.

Dated: 5/18/21

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

Dana O. Washington
Assistant United States Attorney

COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY SECTION

Erica O. Waymack
Trial Attorney

5

## CERTIFICATE OF SERVICE

I hereby certify that this 18th day of May 2021, the foregoing document was served electronically through ECF filing upon counsel of record for the defendant.

Dated: May 18, 2021

                         WILLIAM T. STETZER
                         ACTING UNITED STATES ATTORNEY

                         DANA O. WASHINGTON
                         ASSISTANT UNITED STATES ATTORNEY